COPY

THE ECLIPSE GROUP LLP
Edward F. O'Connor, Esq. (State Bar No. 123398)
E-mail: efo@eclipsegrp.com
Andrew S. Dallmann (State Bar No. 206771)
E-mail: asd@eclipsegrp.com
Travis J. Burch (State Bar No. 216175)
E-mail: tjb@eclipsegrp.com
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Facsimile: (949) 851-5051

Attorneys for Plaintiff
THE KONG COMPANY, LLC

FILED
10 OCT -5 PM 3:49
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

BY FAX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **THE KONG COMPANY, LLC, a Colorado limited liability company,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VIP PRODUCTS, LLC an Arizona limited liability company**<br><br>**Defendant.** | CASE NO.<br>CV10 7446 VBF (MANx)<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**(1) PATENT INFRINGEMENT**<br><br>**(2) UNFAIR COMPETITION (FEDERAL LANHAM ACT)**<br><br>**(3) UNFAIR COMPETITION (CAL. BUS. CODE § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Kong Company, LLC ("Kong") alleges as follows:

## I. NATURE OF THE ACTION

1. This is a complaint for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and unfair competition arising under both the Federal Lanham Act, Title 15 of the United States Code and

California state law, California Business and Professions Code § 17200, *et seq.* Kong seeks to enjoin the actions of Defendant VIP Products, LLC ("Defendant" or "VIP") and to recover damages, as set forth below.

FILED 2010 OCT -5 PM 3:49

## II. THE PARTIES

2. Plaintiff Kong is a Colorado limited liability company with its principal place of business at 16191 Table Mountain Parkway, Golden, Colorado 80403.

3. Upon information and belief, Defendant VIP is an Arizona limited liability company with a principal place of business at 16515 S. 40th Street, Suite 121, Phoenix, Arizona 85048. Kong is further informed and believes that VIP does business in the Central District of California.

## III. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the federal law claims in this action pursuant to 15 U.S.C. § 1116 *et seq.*, 35 U.S.C. §1 *et seq.*, 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties.

6. Venue is proper under 28 U.S.C. §§ 1391(a)(2), (b)(2) and 1400 (b).

## IV. FACTS COMMON TO ALL CLAIMS

7. Kong is primarily in the business of designing, manufacturing and marketing pet toys and supplies throughout the United States and abroad.

8. Kong products are distributed throughout the United States primarily at specialty pet stores such as PetSmart and Petco.

9. VIP manufactures, markets and sells pet toys, including a line of dog chew toys sold under the brand name of "TUFFY®." VIP states on its website at

https://vipproducts.com/retail/files/index.php/store_pages/view/51/tuffys-construction, that:

> Tuffy's Pet Toys are the most durable toys available. Our toys are made from 1 layer of soft fleece, two layers of industrial grade luggage material and one layer of plastic coating in the center.

10. Kong and VIP are competitors in the dog chew toy market, including, on information and belief, in the Central District of California.

**FIRST CAUSE OF ACTION**

**PATENT INFRINGEMENT**

11. Kong incorporates herein the allegations of paragraphs 1 through 10 above specifically by reference.

12. On July 19, 2005, United States Patent No. 6,918,355 ("the '355 patent"), entitled "Durable Pet Toy," duly and legally issued, having Margherita Jessie Arvanites as its inventor.

13. A true copy of the '355 patent is attached hereto as Exhibit 1.

14. On or about April 16, 2004, VIP and Ms. Arvanites entered a license agreement in which, among other things, VIP was granted an exclusive license to the '355 patent. On or about September 23, 2008, VIP and Ms. Arvanites agreed, among other things, to terminate the license agreement including the exclusive license to the '355 patent.

15. Thereafter, on or about November 26, 2008, Kong and Ms. Arvanites entered an exclusive license agreement to, among other things, the '355 patent. Kong has the right to enforce the '355 patent.

16. On information and belief, Defendant is engaged in the manufacturing, using, importing, selling and offering to sell dog chew toys, which at least includes its TUFFY® line, that are covered by one or more claims of the '355 patent.

17. Defendant does not have a license or permission by Kong or Ms. Arvanites to practice any of the legal rights granted under the '355 patent.

18. On information and belief, Defendant's infringement has been, and continues to be, with full knowledge of the '355 patent and is deliberate and willful infringement thereof.

19. By reason of Defendant's infringement of the patent, Defendant has caused and continues to cause Kong to suffer damage and irreparable harm. Kong has no adequate remedy at law for Defendant's infringement of the '355 patent. On information and belief, Defendant's infringement of the '355 patent will continue unless enjoined by this Court.

**SECOND CAUSE OF ACTION**

**FEDERAL UNFAIR COMPETITION**

**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

20. Kong repeats and realleges each and every allegation contained in paragraphs 1 to 19, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

21. Kong is informed and believes, and on that basis alleges that Defendant has used in commerce the following false or misleading statements or descriptions of material fact in connection with the sale or promotion of certain of its products, and/or about the commercial activities and certain products of Kong:

(a) VIP's assertions of material fact on its website that its TUFFY® line of products are made with four layers of material;

(b) VIP's assertions of material fact on its product packaging that its TUFFY® line of products are made with four layers of material: "Two layers of 600 Denier industrial grade material, one layer of PVC and finally one layer of soft Fleece."; and

(c) VIP's assertions on its website at https://vipproducts.com/retail/files/index.php/store_pages/view/46/tuffys-

why-so-tuff, under its "Tuff Scale," that other dog toys, which on information and belief includes Kong's products, are "Fake knock-off sewn nylon toys – that claim to be 'rugged'".

22. Kong is informed and believes that Defendant has engaged in a systematic and orchestrated smear campaign against Kong. Specifically, Defendant's tactics include, but are not limited to, making false statements about Kong, and making false statements about Defendant's products.

23. All the aforementioned statements by Defendant VIP are false and/or misleading and were made in commercial advertisements for products that were sold and offered for sale, on information and belief, throughout the United States.

24. All the aforementioned statements by Defendant VIP are material because they are directed to at least the construction, quality and durability of VIP and Kong's products, and thus, on information and belief, are statements likely to influence a consumers purchasing decision.

25. On information and belief VIP's statements actually deceived or were likely to deceive consumers.

26. Kong has been damaged by, and Defendant has profited from their wrongful conduct in an amount to be proven at trial, and Kong is entitled to compensatory and enhanced damages, and attorneys' fees.

27. Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal and deceitful business dealings have caused and will continue to cause Kong if Defendant is not enjoined. Kong is therefore entitled to preliminary and permanent injunctive relief to stop Defendant's wrongful conduct.

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(California Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*)**

28. Kong repeats and realleges each and every allegation contained in paragraphs 1 to 27, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

29. Through the above mentioned false statements made about Kong and its products, and about its own products, Defendant has diminished Kong's goodwill, reputation, and financial investment in its products and designs.

30. By reason of the conduct described above, Defendant has engaged in unlawful and unfair ongoing business practices.

31. As a direct result of Defendant's unfair competition, Defendant has unlawfully acquired, and continues to acquire on an on-going basis, an unfair competitive advantage and has engaged, and continues to engage, in wrongful business conduct to its advantage and to the detriment of Kong.

32. The acts of Defendant complained of herein constitute unfair competition in violation of the California Unfair Competition Statue, Cal. Bus. & Prof. Code § 17200, as it is likely to deceive and mislead the public.

33. As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched, and Kong has been injured and damaged, which will be proven at trial. Unless the foregoing alleged actions of Defendant are enjoined, Kong will continue to suffer injury and damage.

**WHEREFORE**, Kong prays for entry of an order and judgment that:

(a) Pursuant to 35 U.S.C. § 271, this Court enter judgment that the Defendant has been and is currently infringing the '355 patent;

(b) Defendant, its officers, agents, servants, employees, assigns, successors in interest, and attorneys, and all those in active concert or participation

with them who received actual notice of the injunction, by personal service or otherwise, be permanently enjoined from infringing the '355 patent;

(c) That such infringement has been and is willful;

(d) Defendant be directed to pay Kong the amount of damages that it has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284;

(e) This be declared an exceptional case under 35 U.S.C. § 285 and that Kong be awarded its attorneys' fees;

(f) Defendant has competed unfairly with Kong under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a); has violated Cal. Bus. and Professions Code §17200; has otherwise injured Kong's business reputation in connection with Defendant's false and misleading statements;

(g) This be declared an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

(h) Defendant, its officers, agents, servants, employees, assigns, successors in interest, and attorneys, and all those in active concert or participation with them who received actual notice of the injunction, by personal service or otherwise, be permanently enjoined from making further false and misleading statements about its or Kong's products;

(i) Defendant, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and serve upon Kong within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(j) Kong be awarded Defendant's profits as a result of its unfair and unlawful acts;

(k) Kong be awarded its damages and interest to compensate Kong, increased up to three times as provided by applicable law as a result of Defendant's unfair and unlawful acts;

(l) Kong be awarded its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 or other applicable statutes or laws;

(m) Kong be awarded punitive damages as a result of Defendant's unfair and unlawful acts;

(n) Defendant be ordered to pay an award of pre-judgment interest, post-judgment interest, and costs of the suit to Kong; and

(o) Kong be granted such other further relief as the Court may deem proper and just.

Dated: October 5, 2010

Respectfully submitted,

THE ECLIPSE GROUP LLP

By: [signature]
Andrew S. Dallmann

Attorneys for Plaintiff
THE KONG COMPANY, LLC

**JURY DEMAND**

Plaintiff Kong requests a jury trial on all issues.

Dated: October 5, 2010

Respectfully submitted,

THE ECLIPSE GROUP LLP

By: [signature]
Andrew S. Dallmann

Attorneys for Plaintiff
THE KONG COMPANY, LLC

**EXHIBIT 1**



US006918355B1

(12) **United States Patent**
**Arvanites**

(10) **Patent No.: US 6,918,355 B1**
(45) **Date of Patent: Jul. 19, 2005**

(54) **DURABLE PET TOY**

(76) Inventor: **Margherita Jessie Arvanites**, 15131 E. Palisades Blvd., Fountain Hills, AZ (US) 85268

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 2 days.

(21) Appl. No.: **10/694,562**

(22) Filed: **Oct. 27, 2003**

(51) **Int. Cl.**7 ............................................ **A01K 29/00**
(52) **U.S. Cl.** ...................................... **119/707; 119/709**
(58) **Field of Search** ........................ 119/702, 707, 708, 119/709, 710, 711; 2/2.5; 442/135

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,513,014 A 4/1985 Edwards
4,557,219 A 12/1985 Edwards
4,924,811 A 5/1990 Axelrod
4,936,809 A 6/1990 Auer et al.
5,237,961 A * 8/1993 Sarullo ........................ 119/709
5,560,320 A 10/1996 Plunk
5,595,142 A 1/1997 Chill
5,797,353 A 8/1998 Leopold
5,911,197 A * 6/1999 Schmid ...................... 119/712
6,240,879 B1 * 6/2001 Denesuk et al. ............ 119/709
6,319,864 B1 11/2001 Hannigan et al.
6,490,998 B1 * 12/2002 Rocher ........................ 119/707
6,602,811 B1 8/2003 Rock et al.
6,615,766 B1 * 9/2003 Curry .......................... 119/207
6,623,328 B1 * 9/2003 Theel .......................... 119/707
6,663,457 B2 * 12/2003 Ritchey ...................... 119/711

* cited by examiner

*Primary Examiner*—Teri P. Luu
*Assistant Examiner*—Elizabeth Shaw
(74) *Attorney, Agent, or Firm*—Mathew R. P. Perrone, Jr.

(57) **ABSTRACT**

A durable pet toy has a bullet resistant fabric therein, with a flexible material or a noise making material contained within the fabric, and a cover over the outer or surface portion of the bullet resistant fabric.

**20 Claims, 2 Drawing Sheets**

100
170
120
150
160 180
152

EXHIBIT 1



Fig.1.

Fig.3.

Fig.2.

EXHIBIT 1



U.S. Patent Jul. 19, 2005 Sheet 2 of 2 US 6,918,355 B1

106
100
Fig.4.
108
100
Fig.5.
110
100
Fig.6.
112
100
Fig.7.
114
100
Fig.8.
116
100
Fig.9.

11

EXHIBIT 1

## DURABLE PET TOY

This invention relates to a durable pet toy and more particularly to a durable pet toy which endures chewing and provides a decorative, entertaining pet toy.

## BACKGROUND OF THE INVENTION

Most pet toys, especially toys for dogs, are chewed by the pet. As the toy is chewed, it suffers wear and tear. The wear and tear lead to a quick replacement of the toy. It also may cause injury to the pet as the toy disintegrates. Particles of the toy may be swallowed by the pet, with injurious results to the pet itself.

Yet such toys are a desirable attraction for pets. Not only does the toy entertain the pet; it also provides jaw exercise and stimulation to the teeth. Such a toy provides both entertainment and health factors. Yet, it is very difficult to provide a durable toy, an entertaining toy, and a safe toy.

Safety in a pet toy of the prior art must be sacrificed to achieve entertainment and durability. Likewise, a durable toy may be unsafe, in that it may be too hard to minimize damage to the jaw of the pet. Factoring in entertainment weakens the toy and compromises durability.

If a pet toy can be developed, which is durable while maintaining safety, and still providing both entertainment and exercise, great advantages can be obtained. However, such a pet toy is conspicuously unavailable

## SUMMARY OF THE INVENTION

Among the many objectives of this invention is the provision of a durable pet toy, which provides entertainment, safety and exercise, simultaneously.

A further objective of this invention is the provision of a durable pet toy, utilizing a bullet resistant fabric.

Yet a further objective of this invention is the provision of a durable pet toy having a cover.

A still further objective of this invention is the provision of a durable pet toy having a noise making capability.

Yet another objective of this invention is the provision of a durable pet toy with a cover thereover.

Yet another objective of this invention is the provision of a durable pet toy with a flexible filling therein.

Still, another objective of this invention is the provision of a durable pet toy with a plurality of layers therein.

These and other objectives of the invention (which other objectives become clear by consideration of the specification, claims and drawings as a whole) are met by providing a durable pet toy having a bullet resistant fabric therein, with a flexible material or a noise making device or material contained within the fabric, and a cover over the outer or surface portion of the fabric. In a preferred form the noise making device emits a sound when the pet toy is compressed or squeezed by the pet through biting or other action.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 depicts a block diagram **140** in order to show a structure for the pet toy **100** of this invention.

FIG. 2 depicts a perspective view of an inner sleeve **120**, for the pet toy **100** of this invention.

FIG. 3 depicts a perspective view for the pet toy **100** of this invention in the shape of an apple **104**.

FIG. 4 depicts a perspective view for the pet toy **100** of this invention in the shape of a star **106**.

FIG. 5 depicts a perspective view for the pet toy **100** of this invention in the shape of a bone **108**.

FIG. 6 depicts a perspective view for the pet toy **100** of this invention in the shape of a fish **110**.

FIG. 7 depicts a perspective view for the pet toy **100** of this invention in the shape of a donut **112**.

FIG. 8 depicts a perspective view for the pet toy **100** of this invention in the shape of a human **114**.

FIG. 9 depicts a perspective view for the pet toy **100** of this invention in the shape of a squirrel **116**.

Throughout the figures of the drawings, where the same part appears in more than one figure of the drawings, the same number is applied thereto.

## DESCRIPTION OF THE PREFERRED EMBODIMENTS

A pet toy has a layer of a bullet resistant material, with a flexible material secured within the bullet resistant material, and a decorative cover concealing the bullet resistant material. The bullet resistant material is most preferably a woven fabric. With the bullet resistant material, durability is provided to the pet toy. The bullet resistant material contains the flexible material therein and substantially reduces any loss thereof. The decorative cover adds to a desired appearance for the toy.

Many suitable bullet resistant woven fabrics exist for the purposes of this invention. KEVLAR is a registered trademark of the E. I. Dupont Company of Wilmington, Del., which is a usable fabric for the bullet resistant woven fabric. Denier nylon is also both a usable fabric and the most preferred fabric for the bullet resistant woven fabric. Other bullet resistant woven fabrics may also be used.

Most preferably, denier nylon is the bullet resistant woven fabric used. Preferably, the denier nylon has a denier of 450 to 1800. More preferably, the denier nylon has a denier of 1500 to 1750. Most preferably, the denier nylon has a denier of 1650 to 1725. Typically, the durability of the pet toy increases as the denier increases. The purpose of the lower denier fabric is to provide a pet toy for a smaller pet with less strength, while a higher denier fabric is to provide a pet toy for a larger pet.

In a preferred fashion, at least two layers of denier nylon fabric with a fleece cover secured around the outer surface contains a flexible material between the layers while providing an inner chamber. The inner chamber may receive an appropriate noise making device or flexible material therein and be protected by the denier nylon fabric.

It is preferable to secure the bullet resistant material to itself in order to form the desired chamber for a noise making device or a noise maker, or foam material, or padding material to be received therein. The formation of the chamber is accomplished by gluing, sewing, heat sealing with and without adhesive, or another suitable fashion.

Preferably, the noise making device or the noise maker is activated by squeezing or pressure in order to add an entertainment factor to the toy for the pet. So as the pet chews on the toy, a noise is created by that force, which adds entertainment to the pet.

Due to its flexibility, the bullet resistant denier nylon fabric is the preferred fabric for use in this toy. Other bullet resistant flexible materials or fabric may also be used.

More particularly, the denier nylon has a woven texture and is suitable for forming bullet resistant devices. As these fabrics of denier nylon are layered, a fleece cover is stitched,

glued or otherwise secured there around. Between the fabric layers, may be placed foam or a noise making device if desired.

Any suitable cover fabric, whether woven or non-woven may cover the bullet resistant fabric and the other contents of the pet toy. The preferred fabric is a fleece fabric, which is preferably cross stitched to be secured over the bullet resistant fabric. Any other securing method, including but not limited to sewing, gluing or sealing, is usable. This cross stitched fleece fabric gives the best product.

Typical flexible material or filling material for the pet toy includes a particulate material, a foam material or a fibrous material. Any number of fibrous or felt materials are known in the art, the flexible ones of which may be used in the pet toy of this invention. Cork may be used. Foamed poly styrene, foamed poly urethane and foamed poly imide are typical of the foamed items which may be used. The key requirement is that the flexible material or filling material not be injurious to a pet.

While it is not desired to be bound by any particular theory, the following postulate is offered for the durability of the pet toy of this invention. The denier nylon and its bullet resistant capability combine with the preferred cross stitched fleece material to provide an extremely durable pet toy, which provides the animal substantial pleasure and proves to be long lasting.

Referring now to FIG. 1, block diagram 140 for durable pet toy 100 has an inner sleeve 120 with an outer first material layer 152, with a chamber 150 formed by the first material layer 152 of bullet resistant woven fabric 154. Chamber 150 may be formed by gluing, sealing, or otherwise adhering edges 156 of fabric 154 together.

Within the chamber 150, may be placed flexible material 160. Also, within the chamber 150 may be placed a noisemaker 164, which is activated by pressure from a pet's jaw (not shown). Combinations of flexible material 160 and noisemaker 164, may also be used thanks to the strength of first material layer 152.

Adding FIG. 2 to the consideration, second material layer 172 may also be used to form a sandwich structure around chamber 150 with the same or different flexible material 160 between first material layer 152 and second material layer 172. Fleece cover 180 fits over first material layer 152.

Bullet proof material layer 172 may provide a third material layer or more for pet toy 100 if desired. Probably, three such layers are the desired limit of layers for woven bullet resistant fabric in the pet toy.

First material layer 152, by itself, or with second material layer 172 as described above provides strength for this toy. The fabric nature provides flexibility, while the bulletproof nature provides durability. By arranging first material layer 152 with or without second material layer 172, the structure with the fleece cover 180 on the exterior the desired material on the interior an effective pet toy for durable pet toy 100 is produced.

FIG. 3 with its apple 104, FIG. 4 with its star 106, FIG. 5 with its bone 108, FIG. 6 with its fish 110, FIG. 7 with its donut 112, FIG. 8 with its human shape 114, FIG. 9 with its squirrel 116 depicts various suitable shapes for pet toy 100 without unduly limiting the shapes of this invention.

This application; taken as a whole with the abstract, specification, claims, and drawings being combined; provides sufficient information for a person having ordinary skill in the art to practice the invention as disclosed and claimed herein. Any measures necessary to practice this invention are well within the skill of a person having ordinary skill in this art after that person has made a careful study of this disclosure.

Because of this disclosure and solely because of this disclosure, modification of this method and device can become clear to a person having ordinary skill in this particular art. Such modifications are clearly covered by this disclosure.

What is claimed and sought to be protected by Letters Patent of the United States is:

1. A durable pet toy comprising:
(a) a bullet resistant fabric forming an exterior surface of an inner chamber;
(b) a flexible material or a noise making material being contained within the inner chamber; and
(c) a decorative cover enclosing the exterior surface and concealing the bullet resistant material.

2. The durable pet toy of claim 1 further comprising:
(a) the bullet resistant fabric providing durability for the pet toy;
(b) the bullet resistant fabric being a denier nylon; and
(c) the decorative cover being a fleece cover secured around the exterior surface.

3. The durable pet toy of claim 2 further comprising:
(a) the bullet resistant fabric having a first layer forming the exterior surface and a second layer;
(b) the first layer forming the exterior surface;
(c) the second layer being positioned between the first layer and the inner chamber; and
(d) a flexible layer of material between the first layer and the second layer.

4. The durable pet toy of claim 3 further comprising:
(a) the inner chamber receiving at least one item selected from the group consisting of a noise making device and a flexible material; and
(b) the denier nylon having a denier of 450 to 1800.

5. The durable pet toy of claim 4 further comprising the denier nylon having a denier of 1500 to 1750.

6. The durable pet toy of claim 5 further comprising the denier nylon having a denier of 1650 to 1725.

7. The durable pet toy of claim 2 further comprising:
(a) the inner chamber receiving at least one item selected from the group consisting of a noise making device and a flexible material;
(b) at least a third layer between the inner chamber and second layer; and
(c) the denier nylon having a denier of 1400 to 1800.

8. The durable pet toy of claim 7 further comprising the group the denier nylon having a denier of 1500 to 1750.

9. The durable pet toy of claim 8 further comprising the group the denier nylon having a denier of 1650 to 1725.

10. The durable pet toy of claim 9 having a shape selected from the group consisting of an apple shape, a star shape, a bone shape, a fish shape, a donut shape, a human shape, and a squirrel shape.

11. A method for making a durable pet toy comprising:
(a) forming an inner chamber from a bullet resistant woven fabric;
(b) filling the inner chamber with a flexible material;
(c) closing the inner chamber with the flexible material therein; and
(d) providing an inner surface for the inner chamber and an outer surface for the inner chamber, the inner surface being oppositely disposed from the outer surface;
(e) contacting the flexible material with the inner surface; and
(f) covering the outer surface with a decorative cover.

EXHIBIT 1

12. The method of claim 11 further comprising:
(a) adding a noise making device to the flexible material;
(b) providing a fleece covering for the decorative cover; and
(c) concealing the bullet resistant woven fabric.

13. The method of claim 11 further comprising:
(a) adding at least a second layer of the bullet resistant woven fabric between the inner surface and the flexible material;
(b) providing a fleece covering for the decorative cover;
(c) gluing the bullet resistant woven fabric to form the chamber.

14. The method of claim 13 further comprising adding a noise making device to the flexible material.

15. The method of claim 11 further comprising:
(a) adding a second layer of the bullet resistant woven fabric between the inner surface and the flexible material;
(b) providing a fleece covering for the decorative cover;
(c) sealing the bullet resistant woven fabric to form the chamber.

16. The method of claim 15 further comprising adding a noise making device to the flexible material.

17. A durable pet toy comprising:
(a) a bullet resistant fabric forming an exterior surface of an inner chamber;
(b) a flexible material or a noise making material contained within the inner chamber;
(c) a decorative cover covering the exterior surface and concealing the bullet resistant material;
(d) the bullet resistant fabric providing durability for the pet toy;
(e) the bullet resistant fabric being a denier nylon;
(f) the decorative cover being a fleece cover secured around the exterior surface;
(g) the inner chamber receiving at least one item selected from the group consisting of a noise making device and a flexible material;
(h) the denier nylon having a denier of 1550 to 1600;
(i) the inner chamber receiving at least one item selected from the group consisting of a noise making device and a flexible material; and
(j) the decorative cover being secured by gluing, cross stitching, sewing or sealing.

18. The durable pet toy of claim 17 further comprising:
(a) the bullet resistant fabric having a first layer forming the exterior surface and a second layer;
(b) the first layer forming the exterior surface;
(c) the second layer being positioned between the first layer and the inner chamber; and
(d) a flexible layer of material between the first layer and the second layer.

19. The durable pet toy of claim 18 further comprising the decorative cover being a cross stitched fleece cover.

20. The durable pet toy of claim 17 further comprising the decorative cover being a cross stitched fleece cover.

* * * * *

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV10- 7446 VBF (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

THE ECLIPSE GROUP, LLP
Edward F. O'Connor, Esq. (SBN 123398)
Andrew S. Dallmann (SBN 206771)
Travis J. Burch (SBN 216175)
1920 Main Street, Suite 150, Irvine, CA 92614
Tel: (949) 851-5000 Fax: (949) 851-5051

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE KONG COMPANY, LLC, a Colorado limited liability company,<br>PLAINTIFF(S)<br>v.<br>VIP PRODUCTS, LLC an Arizona limited liability company,<br>DEFENDANT(S). | CASE NUMBER<br>CV10 7446 VBF (MANx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): VIP PRODUCTS, LLC an Arizona limited liability company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Edward F. O'Connor, whose address is THE ECLIPSE GROUP, LLP, 1920 Main Street, Suite 150, Irvine, CA 92614. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT - 5 2010

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE KONG COMPANY, LLC, a Colorado limited liability company.

**DEFENDANTS**
VIP PRODUCTS, LLC an Arizona limited liability company.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Edward F. O'Connor, Esq.; Andrew S. Dallmann, Esq. and Travis J. Burch
THE ECLIPSE GROUP, LLP, 1920 Main Street, Suite 150, Irvine, CA 92614
Tel: (949) 851-5000

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act Section 43(a), 15 U.S.C. Section 1125 (a) Federal Unfair Competition ; CA Unfair Competition Statute, Cal. Bus. Code Section 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

☐ 820 Copyrights
☑ 830 Patent
☐ 840 Trademark

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV10 7446

**FOR OFFICE USE ONLY:** Case Number: ________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date Oct 5, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |